ADAMS v. WESTERN MARYLAND R. CO.

BUSH v. ADAMS.

(Circuit Court, S. D. New York. May 18, 1908.)

INJUNCTION—ADEQUATE REMEDY AT LAW.

> In an action on promissory notes to recover a balance due after crediting thereon the proceeds of collateral sold by the plaintiff, the validity of such sale may be contested, and a bill in equity cannot be maintained to enjoin the prosecution of such action on the ground that the sale was unauthorized, where no fraud or other ground of equitable jurisdiction is shown.
>
> [Ed. Note.—For cases in point, see Cent. Dig. vol. 27, Injunction, §§ 28–49.]

In Equity. On motion for preliminary injunction.

Bangs & Van Sinderen, for plaintiff.

Pierce & Greer, for defendant.

WARD, Circuit Judge. The complainant, as receiver of the Western Maryland Railway Company, moves for a preliminary injunction restraining the prosecution of an action at law against that company in this court to recover a balance of $916,000 claimed to be due on 40 notes of the company, of $75,000 each, secured, respectively, by 100 bonds, of $1,000 each, after crediting the proceeds of the sale of the bonds, until the validity of the sale is determined in this court. Each collateral note authorizes the holder, in the case of the insolvency of the maker, "to sell the whole or any part thereof at any brokers' board or at public or private sale, at the option of the holder thereof, * * * and without notice of intention to sell, or of the time or place of sale, and without demand of payment of this note," and the holder was given the right to purchase at the sale "absolutely free from any claim" of the maker.

The insolvency of the maker is proved by the appointment of the receiver March 16, 1908. The plaintiff notified the company March 10, 1908, that he would sell the collateral on March 11th at 12:30 p. m. The sale, "for account of whom it may concern, of $4,000,000 Western Maryland Railroad Company's first mortgage 4 per cent. bonds, due 1952," was advertised in the New York Times on the morning of March 11th and by distribution of the auctioneer's handbills among brokers on the morning of the same date. The bonds were offered with the announcement that one block of 100 bonds would be sold, with the privilege to the purchaser to take the entire $4,000,000 at the same price. The plaintiff became the purchaser of the entire lot at 53 per cent. of the face value. This is not a bill to redeem the pledge, nor does it charge fraud, which, at the hearing of the motion, the complainant's attorney entirely disclaimed. I see no ground for equitable jurisdiction, and think that the company's remedy at law is entirely adequate. If the sale made was unauthorized, the complainant could tender the amount due and sustain an action of trover (Nelson v. Owen, 113 Ala. 372, 21 South. 75), or he could treat the bailment as still existing and sue in contractu (Maryland Insurance Company v. Dalrymple, 25 Md. 242, 89 Am. Dec. 779).

Because the plaintiff can contest the validity of the sale in the action at law, the prosecution of which he seeks to enjoin, the motion is denied.